UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT E. SNELBAKER,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:12-2151** |
| : | |
| **v.** | |
| : | **(MANNION, D.J.)** |
| **CAROLYN W. COLVIN,** : | **(BLEWITT, M.J.)** |
| **Acting Commissioner** : | |
| **of Social Security,** | |
| : | |
| **Defendant** | |
| : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Magistrate Judge Thomas M. Blewitt, (Doc. 10), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied. Judge Blewitt reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. No objections to the report were filed. For the following reasons, the report and recommendation is **ADOPTED IN ITS ENTIRETY**.

## I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.   DISCUSSION**

As set forth more fully in Judge Blewitt's report, plaintiff Robert Snelbaker applied for DIB alleging disability due to bipolar disorder, attention deficit disorder, intermittent explosive disorder, and irregular heartbeat. A

hearing was held before an administrative law judge ("ALJ"). Plaintiff and a vocational expert ('VE") testified at the hearing. The ALJ determined that plaintiff was not under a disability within the meaning of the Act, and that although he has severe impairments which prevented him from performing past relevant work as a social worker, he has the capacity to perform light unskilled work activity.

As Judge Blewitt's report thoroughly explains, when reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Judge Blewitt's report also details the five-step process that is required to determine if an applicant is disabled under the Act. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from doing past

relevant work, and; (5) whether the applicant's impairment prevents the applicant from doing any other work. 20 C.F.R. §§404.1520, 416.920.

Plaintiff here alleges that the ALJ erred in finding that his impairments did not meet or medically equal the listed impairments, and that the ALJ erred in determining that he had the residual functional capacity ("RFC") to perform light, unskilled work. Judge Blewitt's report thoroughly addresses these allegations, finding that the ALJ's decision was supported by substantial evidence.

As to the claim that the ALJ erred in finding that plaintiff's impairments did not meet or medically equal those of the listings, Judge Blewitt found that the evidence of record supported the ALJ's finding, because there was no treating, examining, or reviewing physician or psychologist who found that plaintiff's impairments met or equaled the listings, and the state agency physician who examined plaintiff found that his impairments did not meet the listings. Judge Blewitt's report thoroughly discusses the treatment notes from plaintiff's therapist and physician, plaintiff's hearing testimony, and the other evidence of plaintiff's impairments in finding that substantial evidence supports the ALJ's determination that plaintiff's mental impairments do not meet or medically equal the listings. The court thus adopts Judge Blewitt's findings regarding step three of the disability determination process

As to the plaintiff's claim that the ALJ erred in finding that his RFC allowed him to perform light unskilled work, the court agrees with Judge

Blewitt's finding that the ALJ's decision was supported by substantial evidence. The report addresses plaintiff's testimony and finds that the ALJ's credibility determinations, and consideration of plaintiff's testimony in light of the medical evidence of record, are supported by substantial evidence. The court finds that the ALJ considered all of plaintiff's testimony in accord with the other evidence in the record, including the medical evidence, and made a finding supported by substantial evidence that plaintiff is limited in some respects, that he is not able to perform past work, but that he is able to perform sedentary unskilled work. The court adopts Judge Blewitt's report and recommendation as to the ALJ's finding regarding plaintiff's RFC being supported by substantial evidence.

### III.   CONCLUSION

In light of the foregoing, Judge Blewitt's report and recommendation is **ADOPTED IN ITS ENTIRETY**. Plaintiff's appeal of the final decision of the Commissioner is **DENIED**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 13, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-2151-01.wpd